IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| LEXOS MEDIA IP, LLC, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> EBAY, INC., § <br> § <br> *Defendant.* § <br> § | Civil Action No. 6:22-cv-00648-ADA <br><br> **Jury Trial Demanded** |

# PLAINTIFF LEXOS MEDIA IP, LLC'S
# AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Lexos Media IP, LLC ("Lexos Media IP") files this Amended Complaint for patent infringement against Defendant eBay, Inc. ("eBay"), and alleges as follows:

## PARTIES

1.   Plaintiff Lexos Media IP, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 555 Republic Drive, 2nd Floor, Plano, Texas 75074-5481.  Lexos Media IP is the intellectual property holding company of Lexos Media, Inc. ("Lexos Media") and owns intellectual property associated with the business of that company.  Lexos Media IP has had its principal place of business located in Plano, Texas since 2015.

2.   Lexos Media was founded in 2009.  Lexos Media is a digital advertising technology company that pioneered the use of dynamic cursor modification to promote the online purchase and use of products and services likely of interest to users of e-commerce websites.  Lexos Media has provided a technology framework for delivering online advertising in which images and content are deployed in connection with a cursor.  Lexos Media has provided this technology

framework through two divisions -- AdBull and Cursor Marketing -- both of which provided technology that could be used to modify an Internet user's cursor to display content such as an image or other message to promote the online purchase and use of products and services. Lexos Media IP has been engaged in licensing this technology both in the online marketing space as well as other fields.

3.     eBay is a Delaware corporation with its principal executive office located at 2145 Hamilton Ave., San Jose, CA 95125. eBay has been served with process and appeared through counsel in this case.

## JURISDICTION AND VENUE

4.     This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

5.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     eBay is subject to the specific personal jurisdiction of this Court because Lexos Media IP's claims for patent infringement against eBay arise from eBay's acts of infringement in the State of Texas. These acts of infringement include operating an interactive website using the patented inventions, making that website available to persons in the State of Texas, and facilitating the sale of products and services through that website to those persons.

7.     In particular, eBay has operated an online marketplace located at www.ebay.com and provides the infringing cursor marketing technology that is part of that marketplace throughout the United States and in this judicial district. eBay sells and offers to sell products and services throughout the United States, including in this judicial district, by using the patented cursor modification technology. For at least a decade, eBay generated tens of billions of dollars in gross merchandise volume using the patented technology.

8. Therefore, this Court has personal jurisdiction over eBay under the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code § 17.042.

9. In addition, since 2011, eBay has had a regular and established place of business in the Western District of Texas located at 7700 W. Parmer Lane, Bldg. D, Austin, Texas 78729. eBay has committed the acts of infringement alleged herein at its regular and established place of business in the Western District of Texas, and elsewhere throughout the United States.

10. In particular, eBay, during the time frame when the Asserted Patents were in effect, made available and offered its ebay.com interactive website to individuals located in the Western District of Texas. The ebay.com website provided by eBay to these individuals implemented features and functionality that infringed the Asserted Patents.

11. The eBay facility located in the Western District of Texas is a physical, geographical location in the district from which the business of eBay is carried out. This facility located in the Western District of Texas is a **regular and established places of business** of eBay. Furthermore, this facility located in the Western District of Texas is a place of business **of eBay**.

## THE ASSERTED PATENTS

12. On November 30, 1999, the United States Patent and Trademark Office issued United States Patent No. 5,995,102 ("the `102 Patent") entitled "Server system and method for modifying a cursor image," a true copy of which is attached as Exhibit 1.

13. On September 12, 2000, the United States Patent and Trademark Office issued United States Patent No. 6,118,449 ("the `449 Patent") entitled "Server system and method for modifying a cursor image," a true copy of which is attached as Exhibit 2.

14. Lexos Media IP is the owner by assignment of these Asserted Patents and owns all right, title, and interest in the Asserted Patents, including the right to sue for and recover all past, present, and future damages for infringement of the Asserted Patents.

## THE INNOVATION OF THE ASSERTED PATENTS

15. The Asserted Patents are directed to improvements in the field online advertising, and provide technical solutions to problems being encountered in that burgeoning field. In order to put the innovation of the Asserted Patents into perspective, it bears emphasis that the application for the asserted `102 Patent was filed in June 1997, a mere few years after online advertisements emerged in the ecommerce marketplace. *See* https://en.wikipedia.org/wiki/Online_advertising.

16. At the time of the invention underlying the Asserted Patents, there were several drawbacks to prevalent forms of online advertising, such as banner advertisements, web page "frames," and "self-appearing" advertising screens. Thus, as the Asserted Patents emphasized, at the time of the invention of the Asserted Patents, "[t]here is a need for a simple means to deliver advertising elements without the annoyance of totally interrupting and intrusive content delivery, and without the passiveness of ordinary banner and frame advertisements which can be easily ignored."

17. The Asserted Patents provided a specific technical solution to improve online advertising technology and overcome these problems. The specification of the Asserted Patents pointed out that, while it was not new at the time for pointers and cursors to change shape, "[i]n conventional systems, the appearance of the cursor or pointer does not change to correspond with on-line content being displayed on the screen."

18. The claims of the Asserted Patents explain how the invention improves on conventional methods of online advertising. In particular, the Asserted Patents disclosed "a server system for modifying a cursor image to a specific image displayed on a video monitor of a remote user's terminal for the purposes of providing on-screen advertising."

19. The claims of the Asserted Patents specifically teach how the invention works to provide the improved online advertising technology. A web browser retrieves a web page stored on a server that is then transmitted to and viewed by a user. The retrieved web page contains a set of predetermined instructions referred to as "cursor display instructions." The browser interprets the information contained in cursor display instructions and instructs the operating system of the user's terminal to bring about the change in appearance of the cursor within the web page. As the Asserted Patents explain, "the server system provides certain information that causes the cursor image on the video monitor of the user terminal to display an image as specified by the server system. As a result, the server system remotely defines and manages the shape and appearance of the cursor image in accordance with a pre-specified condition."

20. The claims of the Asserted Patents contain steps or elements that embody this specific process for implementing the cursor modification invention and improving online advertising. The claims focus on a specific means or method that improves online advertising technology, and are not directed to a desired result that itself merely employs generic processes and machinery. They claim a technological solution to the technological problems and drawbacks encountered in the prior art methods for creating effective online advertising – a specific process and system for modifying the appearance of a cursor implemented on the display of a user's computer. The asserted claims are directed to a new and useful technique for performing online advertising. They are not directed to a law of nature, natural phenomena, or a business method or algorithm.

## THE ESTABLISHED VALIDITY OF THE ASSERTED PATENTS

21. In 2018, Ralph Lauren ("RL") petitioned the U.S. Patent Trial and Appeal Board (the "PTAB") for *inter partes* review of the `102 and `449 Patents. In particular, RL petitioned for *inter partes* review of claims 70-73 of the `102 Patent and claims 1-3, 5-7, 12-15, 27-29, 31-33,

38-41, 53-56, 58-63, 72-75, and 77-82 of the `449 Patent. Although the PTAB cancelled some of the claims, in two final written decisions it found that RL had **not** shown that the claims 70 and 72 of the `102 Patent and claims 1-3, 5-7, 12-15, 28, 29, 31, 32, 38, 39, 53-56, 58-63, 73-75, and 77-80 of the `449 Patent are unpatentable.  RL appealed the PTAB's final written decisions, and the Federal Circuit affirmed those decisions.

### THE CURSOR MODIFICATION ACCUSED INSTRUMENTALITY

22. eBay is a multinational company which focuses on e-commerce through its ebay.com interactive website.  At the end of 2021, eBay had 147 million active buyers and 17 million sellers.  In 2021, eBay had approximately 1.5 billion live listings globally.  One of the innovations eBay has used to build the popularity and profitability of its ebay.com website is the cursor modification technology of the Asserted Patents (the "Accused Instrumentality").

### FIRST CLAIM FOR RELIEF
### (Infringement of the `102 Patent)

23. eBay has directly infringed Claim 72 of the `102 Patent by using the method claimed and patented in Claim 72.  In particular, eBay has infringed Claim 72 by using the claimed method when providing the cursor modification technology to individuals for use on the ebay.com website.

24. Since at least 2016, eBay has used a method via the Accused Instrumentality for modifying an initial cursor image displayed on a display of a user terminal connected to at least one server owned, operated and/or controlled by eBay.

25. The method performed by eBay via the Accused Instrumentality has included the step of eBay receiving a request to provide a web page to a user terminal.

26. The method performed by eBay via the Accused Instrumentality has included the step of eBay transmitting and providing a web page to a user terminal in response to the request for a web page.

27. The web page provided by eBay via the Accused Instrumentality has included one or more instructions to modify an initial cursor image and contains data corresponding to a specific image displayed, or to be displayed, on a user's terminal that is a modification of an initial cursor image.

28. The method performed by eBay via the Accused Instrumentality has included the step of eBay providing instructions and code that has controlled and transformed the initial cursor image displayed on the display of the user's terminal into a specific image with a particular shape and appearance in response to eBay's instructions.

29. The transformed specific image resulting from eBay's infringing process has included content corresponding to at least a portion of the information that is to be displayed on the display of the user's terminal.

30. An example of an initial cursor displayed on a user's terminal in connection with a web page provided by eBay's Accused Instrumentality appears in Figure 1 below in the form of an arrow.



Figure 1

31.  The transformed specific image resulting from eBay's infringing process is illustrated in Figure 2 below.  Figure 2 is a screenshot of a web page displayed by the ebay.com website reflecting the claimed specific image (the semi-transparent box surrounding the image of the pointing hand appearing on the left of the screenshot surrounded by the red box) and the claimed corresponding portion of the web page displayed on the display of the website user's terminal (on the right of the screenshot).


Figure 2

32.  The web page depicted in Figure 1 reflects the initial generic cursor image displayed on the user terminal's display when the user has used the ebay.com website -- the arrow depicted in Figure 1.  The second web page image, Figure 2, reflects the modification of the initial cursor to a "specific image," which comprises the semi-transparent box surrounding the image of the pointing hand depicted in Figure 2.  This modification is a consequence of the user moving the cursor image over the display of the depicted camera on the user's terminal.

33. The semi-transparent box surrounding the image of the pointing hand is not a generic cursor image. Instead, it is an image that represents some or all of the subject matter being displayed on the website. In particular, the semi-transparent box is not merely the image of a hand, arrow or other form of functional cursor, but is an image that highlights and draws attention to the portion of the product or subject matter displayed on the web page that appears within the semi-transparent box. That highlighting of, and attention to, a portion of the product or subject matter displayed on the web page is enhanced by the enlarged display of that portion of the product or subject matter appearing within the semi-transparent box to the right of the specific image. The specific image generated by eBay's Accused Instrumentality relates the content displayed within the semi-transparent box to the content being displayed on the screen.

34. eBay's instructions have indicated code provided and controlled by eBay that is operable to process the instructions to modify the initial cursor image to the image in the shape and appearance of the specific image responsive to movement of the cursor image over a display of at least a portion of the information to be displayed on the display of the user's terminal.

35. Shown below in Figure 3 is a screenshot of a web page displayed by the ebay.com website on May 19, 2022, reflecting the claimed specific image (the semi-transparent box appearing on the left of the screenshot) and the claimed corresponding portion of the web page displayed on the display of the website user's terminal (on the right of the screenshot). This screenshot shows that eBay has continued to use the cursor modification technology described above via the Accused Instrumentality.



Figure 3

36.     To the extent that any required steps of the claim occurred on a device in the possession, custody or control of and used by a third party, eBay performed those steps because it initiated and controlled the performance of those steps.

37.     Since 2016, eBay has continued to use this patented method on its ebay.com website for years.

38.     The duty to mark under 35 U.S.C. § 287 is inapplicable to the asserted method claims of the `102 Patent.  There is no applicable marking requirement that has not been complied with.

39.     Lexos Media IP has been damaged by eBay's activities that infringed Claim 72 of the `102 Patent.

## SECOND CLAIM FOR RELIEF
### (Infringement of the `449 Patent)

40. eBay has directly infringed at least Claims 1, 38, and 53 of the `449 Patent by using those patented inventions in connection with providing individuals with access to the ebay.com website and to shop for products and services on the website. By doing so, eBay has infringed Claims 1 and 38 of the `449 Patent by using the claimed system and making that system and the ebay.com website available to others for use. In addition, eBay has infringed Claim 53 of the `449 Patent by using the claimed method when providing the ebay.com website for use by others.

41. Since at least 2016, eBay has made and used the Accused Instrumentality server system for modifying a cursor image to a specific image having a desired shape and appearance displayed on a display of a remote user's terminal.

42. eBay's Accused Instrumentality has transmitted a web page to a user's terminal in response to a request from the user terminal for the web page.

43. eBay's Accused Instrumentality has provided to the user terminal a web page that has included data corresponding to the specific image to be displayed on the user's terminal.

44. eBay's Accused Instrumentality has provided to the user terminal a web page that has included code which is operable to modify a cursor image on the display of the user's terminal.

45. eBay's Accused Instrumentality has included a server computer for transmitting a web page to a remote user terminal which has included one or more instructions and an indication of the location of cursor image data.

46. The web page transmitted by eBay containing the instructions and code has been operable to cause the user terminal to display a modified cursor image on the user's display in the shape and appearance of the specific image.

47. The specific image to be displayed, and actually displayed, by eBay on the user's terminal has comprised information which has included content corresponding to at least a portion of the information to be displayed on the display of the user's terminal.

48. eBay's code has been operable to process the instructions to modify the cursor image to an image in the shape and appearance of the specific image in response to movement of the cursor image over a display of at least a portion of the information to be displayed on the display of the user's terminal.

49. The resulting specific image has been related to at least a portion of the information to be displayed on said display of the remote user's terminal.

50. Figure 3 set forth in Paragraph 35 above depicts an example of the claimed specific image and the claimed corresponding portion of the specified content information displayed by eBay's system on the display of the website user's terminal since at least 2016.

51. eBay, through the Accused Instrumentality, has used the claimed system for purposes of infringement and has put the claimed system into service. In particular, eBay has controlled each element of the system and the system as a whole and has obtained a benefit from doing so in the form of improved marketing of products and services sold by eBay through its website. eBay has provided and controlled any functionality required by the claimed system that has taken place on the user/customer's computer.

52. Lexos Media IP incorporates by reference herein its allegations in Paragraphs 24-37 above.

53. The duty to mark under 35 U.S.C. § 287 is inapplicable to the asserted method claim of the `449 Patent, and there are no unmarked "patented articles" that were sold or offered for sale by Lexos Media IP or its licensees of the `449 Patent that were subject to § 287. In addition,

Lexos Media marked its website, lexosmedia.com, with the patent numbers of the Asserted Patents. Consequently, Lexos Media IP has complied with the marking requirement under § 287, to the extent it is applicable.

54. Lexos Media IP has been damaged by eBay's infringing activities.

## DEMAND FOR JURY TRIAL

55. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Lexos Media IP hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Lexos Media IP requests the following relief:

(a) A judgment in favor of Lexos Media IP that eBay has directly infringed one or more claims of the Asserted Patents;

(b) A judgment and order requiring eBay to pay Lexos Media IP damages adequate to compensate for infringement under 35 U.S.C. § 284, which, in no event shall be less than a reasonable royalty for its usage made of the inventions of the Asserted Patents, including pre- and post-judgment interest and costs;

(c) A judgment awarding Lexos Media IP post-judgment royalties to the extent applicable; and

(d) Any and all such further necessary or proper relief as this Court may deem just and equitable.

Dated: August 10, 2022						Respectfully submitted,

**BUETHER JOE & COUNSELORS, LLC**

*/s/ Kenneth P. Kula*
Eric W. Buether (Lead Counsel)
State Bar No. 03316880
Eric.Buether@BJCIPLaw.com
Christopher M. Joe
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Kenneth P. Kula
State Bar No. 24004749
Ken.Kula@BJCIPLaw.com

1700 Pacific Avenue
Suite 4750
Dallas, Texas 75201
Telephone:    (214) 466-1271
Facsimile:    (214) 635-1827

**ATTORNEYS FOR PLAINTIFF
LEXOS MEDIA IP, LLC**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that pursuant to Rule 15(a)(2), counsel for the parties conferred regarding Plaintiff's filing of this Amended Complaint, and on August 10, 2022, Joshua Raskin, counsel for the opposing party, provided written consent to the filing, stating "Yes, eBay consents to the amendment."

/s/ *Kenneth P. Kula*
Kenneth P. Kula

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail on the 10th day of August, 2022.

/s/ *Kenneth P. Kula*
Kenneth P. Kula