**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| LEXOS MEDIA IP, LLC, | |
| *Plaintiff,* | **PUBLIC VERSION** |
| v. | Civil Action No. 6:22-cv-00648-ADA |
| EBAY, INC., | ███████████ |
| *Defendant.* | |

**DEFENDANT'S OPPOSED MOTION TO TRANSFER VENUE**
**TO THE NORTHERN DISTRICT OF CALIFORNIA**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   FACTUAL BACKGROUND ............................................................................... 2

    A.    LEXOS' ALLEGATIONS ......................................................................... 2

    B.    LEXOS HAS NO TIES TO THE WESTERN DISTRICT OF TEXAS ............... 2

    C.    EBAY'S WITNESSES AND DOCUMENTS ARE IN THE NORTHERN
         DISTRICT OF CALIFORNIA OR OTHERWISE OUTSIDE OF TEXAS ......... 3

    D.    THIRD-PARTY WITNESSES ARE IN THE NORTHERN DISTRICT OF
         CALIFORNIA ......................................................................................... 4

III.  LEGAL STANDARD ........................................................................................ 4

IV.   ARGUMENT .................................................................................................... 5

    A.    THIS CASE COULD HAVE BEEN BROUGHT IN THE NORTHERN
         DISTRICT OF CALIFORNIA ................................................................... 5

    B.    THE PRIVATE INTEREST FACTORS FAVOR TRANSFER TO THE
         NORTHERN DISTRICT OF CALIFORNIA ................................................. 6

         1.    The relative ease of access to sources of proof favors transfer .................. 6

         2.    The availability of compulsory process to secure the attendance of
             witnesses favors transfer ......................................................................... 7

         3.    Transferring this case to the Northern District of California would
             reduce the cost of attendance for willing witnesses ................................... 9

         4.    Other practical problems that make trial of a case easy, expeditious,
             and inexpensive ..................................................................................... 11

    C.    THE PUBLIC INTEREST FACTORS FAVOR TRANSFER TO THE
         NORTHERN DISTRICT OF CALIFORNIA ............................................... 11

         1.    The local interest in having localized interest decided at home favors
             transfer ................................................................................................. 11

         2.    The administrative difficulties flowing from court congestion ................ 13

         3.    The two remaining public interest factors are neutral .............................. 14

V.    CONCLUSION ............................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**                                                                          **Page(s)**

*Action Indus., Inc. v. U.S. Fid. & Guar. Co.*,
   358 F.3d 337 (5th Cir. 2004) ................................................5

*In re Apple Inc.*,
   2021 WL 5291804 (Fed. Cir. Nov. 15, 2021) .........................14

*In re Apple*,
   979 F.3d 1332 (Fed. Cir. 2020) .............................................6

*In re Apple, Inc.*,
   581 F. App'x 886 (Fed. Cir. 2014) ........................................8

*In re Cray Inc.*,
   871 F.3d 1355 (Fed. Cir. 2017) .............................................6

*In re DISH Network L.L.C.*,
   2021 WL 4911981 (Fed. Cir. Oct. 21, 2021) .........................11

*Express Mobile, Inc. v. eBay Inc.*,
   C.A. No. 6:20-cv-00802-ADA (W.D. Tex. Aug. 25, 2021) ........6

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009) .............................................9

*In re Google Inc.*,
   2017 WL 977038 (Fed. Cir. Feb. 23, 2017) ..........................11

*In re Google LLC*,
   2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) ...................1, 14

*In re Google LLC*,
   2021 WL 4592280 (Fed. Cir. Oct. 6, 2021)............1, 11, 12, 13

*In re Google LLC*,
   2021 WL 5292267 (Fed. Cir. Nov. 15, 2021).................2, 5, 14

*Hoffman v. Blaski*,
   363 U.S. 335 (1960)..............................................................5

*In re Juniper Networks, Inc.*,
   14 F.4th 1313 (Fed. Cir. 2021) .....................................5, 12, 14

*Lynk Labs, Inc. v. Home Depot USA, Inc.*,
   2022 WL 1593366 (W.D. Tex. Dec. 8, 2021) ........................10

*In re Microsoft Corp.*,
    630 F.3d 1361 (Fed. Cir. 2011)........................................................................13

*Motion Offense, LLC v. Google LLC*,
    2022 WL 5027730 (W.D. Tex. Oct. 4, 2022) ...............................................8

*In re Nintendo Co.*,
    589 F.3d 1194 (Fed. Cir. 2009)..............................................................1, 12

*In re Pandora Media, LLC*,
    2021 WL 4772805 (Fed. Cir. Oct. 13, 2021) .............................................10

*ParkerVision, Inc. v. Intel Corp.*,
    2021 WL 401989 (W.D. Tex. Jan. 26, 2021) .............................................13

*Parus Holdings Inc. v. LG Elecs. Inc.*,
    2020 WL 4905809 (W.D. Tex. Aug. 6, 2020)..............................................9

*In re Planned Parenthood Fed'n of Am., Inc.*,
    52 F.4th 625 (5th Cir. 2022) .......................................................................7

*Receivership Est. of AudienceScience Inc. v. Google LLC*,
    2022 WL 3705022 (W.D. Tex. Aug. 18, 2022)..........................................14

*In re Samsung Elecs. Co.*,
    2 F.4th 1371 (Fed. Cir. 2021) ...................................................................11

*Super Interconnect Techs. v. Google, LLC*,
    2021 WL 6015465 (W.D. Tex. Nov. 5, 2021)................................... *passim*

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2009)...................................................................4

*VoIP-Pal.com v. Google LLC*,
    2022 WL 4546553 (W.D. Tex. Sep. 21, 2022)...............................9, 11, 13

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004) .......................................................5, 10, 13

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ...................................................... *passim*

*In re WMS Gaming Inc.*,
    564 F. App'x 579 (Fed. Cir. 2014) ...........................................................14

*XY LLC v. Trans Ova Genetics, LC*,
    2017 WL 5505340 (W.D. Tex. Apr. 5, 2017)............................................11

**Statutes**

28 U.S.C. § 1400(b) ..........................................................................................................6

28 U.S.C. § 1404(a) .............................................................................................1, 4, 10, 15

**Other Authorities**

Fed. R. Civ. P. 45(c)(1) ......................................................................................................7

## I. INTRODUCTION

For the convenience of the parties and witnesses, and in the interests of justice, Defendant eBay Inc. ("eBay") moves to transfer this case to the Northern District of California ("NDCA") pursuant to 28 U.S.C. § 1404(a).

This case belongs in the NDCA, where the relevant witnesses are located and where the evidence relevant to this case was created and is maintained. eBay's witnesses with knowledge of the design and development of the accused "cursor modification technology" work in eBay's NDCA offices. Moreover, a substantial portion of the sources of proof are created and maintained in eBay's NDCA offices—not in the Western District of Texas ("WDTX"). In addition, potentially relevant third parties, such as authors of prior art, are located within or subject to the subpoena power of the NDCA.

In contrast, this case has no meaningful connection to the WDTX. While eBay has an office in Austin, none of eBay's potential trial witnesses are located there. Plaintiff Lexos Media IP, LLC ("Lexos") purports to be a Delaware company with a place of business in the Eastern District of Texas; not the Western District. Lexos is a non-practicing entity "engaged in licensing this technology" (Dkt. 29 ¶ 2) and has brought a lengthy list of patent infringement suits in the Eastern District of Texas. Further, the plaintiff's forum choice is not a factor in the transfer analysis, especially where, as here, Lexos has no presence in this District. *See In re Nintendo Co.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009).

The Federal Circuit has explained that transfer should be granted in these circumstances: when "no witnesses reside [in the WDTX]; no evidence is present there; [] none of the conduct giving rise to this action took place there," and the "only connection . . . between this case and the Western District of Texas is that [eBay] has a general presence in the district." *In re Google LLC*, 2021 WL 4592280, at *7 (Fed. Cir. Oct. 6, 2021) ("*Google-Jenam*"); *see also In re Google LLC*,

2021 WL 4427899, at *5–6 (Fed. Cir. Sept. 27, 2021) ("*Google-Sonos*"); *In re Google LLC*, 2021 WL 5292267, at *2–3 (Fed. Cir. Nov. 15, 2021) ("*Google-Express*").

## II.     FACTUAL BACKGROUND

### A.     Lexos' Allegations

Lexos' Second Amended Complaint ("SAC") accuses eBay of infringing three patents: U.S. Patent Nos. 5,995,102, 6,118,449, and 7,975,241 (collectively, the "Asserted Patents"). (Dkt. 29 ¶¶ 14–16). Lexos alleges that the Asserted Patents are directed to a "[s]erver system and method for modifying a cursor image." (*Id.*). The SAC accuses eBay's "cursor modification technology" of infringing claim 72 of the '102 patent, claims 1, 38, and 53 of the '449 patent, and claim 35 of the '241 patent. (*Id.* ¶¶ 30, 48, 65). As best understood, the SAC alleges infringement when an internet user places the cursor image over a picture on the View Items page of eBay's website.

### B.     Lexos Has No Ties to the Western District of Texas

Lexos appears to be a patent assertion entity purportedly set up as a Delaware corporation with a "place of business" in Plano, Texas—in the Eastern District of Texas. (Dkt. 29 ¶ 1). Indeed, Lexos describes itself as an "intellectual property holding company." (*Id.*) According to the State of Delaware website, Lexos was formed in 2013. (Raskin Decl. Ex. A). Lexos has since been on an enforcement campaign related to the Asserted Patents. Other than setting up a "place of business" in Texas (but not this District) for filing lawsuits in this Court, Lexos does not appear to have any connection to the WDTX.

For example, Robert Cote of Cote IP Services, LLC signed Lexos' patent assignments for the Asserted Patents. (Raskin Decl. Ex. B). According to LinkedIn, Mr. Cote is a resident of New York, not this District. (Raskin Decl. Ex. C.) Further, the named inventors on the face of the Asserted Patents are identified as residing outside of this District:

- James Samuel Rosen (New York, NY);

- Thomas A Schmitter (Cambridge and/or Charlestown, Mass); and

- Mark S. Hall (South Orange, NJ).

(Dkt. 1-1 ('102 patent); Dkt. 1-2 ('449 patent); Raskin Decl. Ex. D ('241 patent)). The attorneys who prosecuted the applications leading to the Asserted Patents do not appear to reside in this District. According to the prosecution history files of the Asserted Patents, the relevant attorneys live in New York and Massachusetts. (Raskin Decl. Exs. E, F, G). Finally, a law firm from New York is engaged in a continuing correspondence with the United States Patent and Trademark Office ("PTO") on Lexos' behalf as to the '241 patent and is listed on the PTO's Patent Center as the "correspondence address" for the '241 patent. (Raskin Decl. Exs. H, I).

## C. eBay's Witnesses and Documents are in the Northern District of California or Otherwise Outside of Texas

eBay was founded in the NDCA and has continued to maintain its headquarters there. The employees with the most relevant knowledge about the accused "cursor modification technology" are assigned to eBay's Northern California Offices. (Bahety Decl. ¶¶ 2–4; Xu Decl. ¶¶ 2–4). For example, Mr. Bahety, ▮▮▮▮▮▮works in the San Francisco Bay Area ("Bay Area"), is the Senior Director of Product Management for Buyer Experience at eBay. (Bahety Decl. ¶ 2). Mr. Bahety is the product manager for eBay's View Items team, including the cursor functionality. (*Id.* ¶¶ 2–4).▮▮▮▮▮ most knowledgeable people on the product management team▮▮▮ the NDCA. (*Id.* ¶¶ 3–4). The other knowledgeable employee▮▮▮▮▮▮. (*Id.*) In addition, ▮▮▮Xu,▮▮▮▮▮▮ works in the Bay Area, is the Senior Director of Engineering for Buyer Experience at eBay. (Xu Decl. ¶ 2). Mr. Xu is responsible for approximately▮▮ engineers, including ▮engineers that specifically work on the View Item team and are responsible for the cursor functionality. (*Id.* ¶ 3). The most knowledgeable members from Mr. Xu's team▮▮▮ the NDCA. (*Id.* ¶¶ 3–4). No relevant employees work in the WDTX. (Bahety Decl. ¶ 5; Xu Decl. ¶ 5).

The relevant source code, product requirements, and technical documents for the accused "cursor modification technology" were created and are maintained in the NDCA. (Bahety Decl. ¶¶ 6–7; Xu Decl. ¶¶ 6–7).

### D. Third-Party Witnesses are in the Northern District of California

eBay has identified at least one third-party witness who is likely to be relevant to eBay's defense and who is subject to the subpoena power of the NDCA and not the WDTX. The patents below relate to a system and method for displaying "tooltips" on web pages. The patents explain that "tooltips" "are text areas that display automatically when the user places the cursor over predetermined text on a display device." (*See, e.g.*, Raskin Decl. Ex. J at Abstract, 1:54–56, 3:35–41).

- U.S. Patent No. 5,937,417, entitled "tooltips on webpages," which is assigned to Sun Microsystems, Inc. from Palo Alto, California, with a named inventor from Atherton, California. (*Id*.).

- U.S. Patent No. 5,991,781, entitled "method and apparatus for detecting and presenting client side image map attributes including sound attributes using page layout data strings," which is assigned to Sun Microsystems, Inc. from Palo Alto, California, with a named inventor from Atherton, California. (Raskin Decl. Ex. K).

## III. LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). To evaluate transfer under § 1404(a), courts first consider "whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*").

If the destination venue would have been a proper venue, then the "determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id*. Courts evaluate these factors based on the situation which existed at the time of filing. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960); *Google-Express*, 2021 WL 5292267, at *3 (citing *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013)).

"[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1323 (Fed. Cir. 2021) (citing *In re Nintendo Co.*, 589 F.3d at 1198).

## IV. ARGUMENT

### A. This Case Could Have Been Brought in the Northern District of California

"The preliminary question under 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Volkswagen II*, 545 F.3d at 312. To satisfy this question, the movant must show that venue and jurisdiction would have been proper in the transferee forum

when the plaintiff filed suit. *See Express Mobile, Inc. v. eBay Inc.*, C.A. No. 6:20-cv-00802-ADA, Dkt. 62 (W.D. Tex. Aug. 25, 2021) (transferring suit against eBay to NDCA). This threshold is met because Lexos could have brought this action in the NDCA, where eBay is headquartered. *See* 28 U.S.C. § 1400(b); *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

**B.    The Private Interest Factors Favor Transfer to the Northern District of California**

**1.    The relative ease of access to sources of proof favors transfer**

The relative ease of access to sources of proof favors a transfer to the NDCA. For this factor, courts examine where non-witness evidence, such as documents and physical evidence, is stored. *Volkswagen II*, 545 F.3d at 316–17. The question is not whether evidence may be present in both districts, but whether one district has more meaningful and relevant evidence than the other. *In re Apple*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) ("this factor [is not] neutral merely because some sources of proof can be identified in the district"; instead, the court should "meaningfully compare" sources of proofs in or near the two districts).

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple*, 979 F.3d at 1340 (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)); *see also id.* (explaining that the district court must consider that "[the defendant] stores a significant amount of relevant information in NDCA, including the relevant source code, [the defendant's] records relating to the research and design of the accused products, and marketing, sales, and financial information for the accused products").

The relevant documents and physical evidence related to eBay's accused "cursor modification technology" are primarily located in the Bay Area. eBay is headquartered in San Jose, California. eBay's cursor functionality was primarily developed and maintained by employees

based at eBay's headquarters in San Jose and its office in San Francisco, California. (Bahety Decl. ¶¶ 3–4; Xu Decl. ¶¶ 3–4). Further, the "location of evidence bears much more strongly on the transfer analysis when . . . the evidence is physical in nature." *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022). ███████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████. (Bahety Decl. ¶ 6; Xu Decl. ¶ 6).████████

██████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████ Bahety Decl. ¶ 7; Xu Decl. ¶ 7).

On the other hand, no relevant documentary evidence from eBay is found in this District. Although eBay has a place of business in Austin, Texas, none of the employees responsible for developing eBay's cursor functionality work in the Austin office, and the eBay documentation relating to the design, development, implementation, and maintenance of the accused functionalities is not stored in Austin. (Bahety Decl. ¶ 2–8; Xu Decl. ¶ 2–8). Thus, this factor favors transfer.

## 2. The availability of compulsory process to secure the attendance of witnesses favors transfer

The relative availability of compulsory process factor strongly favors a transfer to the NDCA. Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person" or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii); *see also Super Interconnect Techs. v. Google, LLC*, 2021 WL 6015465, at *5 (W.D. Tex. Nov. 5, 2021). This factor "weigh[s] heavily in favor of transfer when

more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014). "[W]hen there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *Super Interconnect*, 2021 WL 6015465, at *4 (citing *In re DISH Network L.L.C.*, 2021 WL 4911981, at *3 (Fed. Cir. Oct. 21, 2021) and *In re HP Inc.*, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018)). Because at least one third-party witness relevant to eBay's invalidity defenses is either located in, or subject to the subpoena power of, the NDCA, this factor favors transfer. *See Motion Offense, LLC v. Google LLC*, 2022 WL 5027730, at *5 (W.D. Tex. Oct. 4, 2022) (weighing the compulsory process factor "heavily in favor of transfer" where unwilling "third-party prior art witnesses" resided in the NDCA).

As discussed above (§ II.D), Jakob Nielsen, formerly of Sun Microsystems, is the named inventor of U.S. Patent Nos. 5,937,417 and 5,991,781. (Raskin Decl. Exs. J, K, L). These patents disclose a changing cursor in HTML documents (*i.e.*, webpages). (*Id.*) Mr. Nielsen will have information that is relevant to the merits of this case, and he is located within the subpoena power of the NDCA. (*Id.*) The Court "must presume the third-party prior art witnesses in California are unwilling to testify, and for that reason, this Court must weigh this factor heavily in favor of transfer." *Motion Offense*, 2022 WL 5027730, at *5. This District's subpoena power is unlikely to be nearly as helpful, as Mr. Nielsen is a former employee of Sun Microsystems residing in the NDCA. (Raskin Decl. Ex. L). Should Mr. Nielsen need to provide documents or testimony for deposition or trial, the NDCA would be more convenient as a destination and better able to secure his participation through the subpoena power. This factor strongly favors transfer.

**3.** **Transferring this case to the Northern District of California would reduce the cost of attendance for willing witnesses**

Considerations pertaining to the convenience of the witnesses heavily favor transfer. "The convenience of witnesses is the single most important factor in the transfer analysis." *Super Interconnect*, 2021 WL 6015465, at *3; *Parus Holdings Inc. v. LG Elecs. Inc*., 2020 WL 4905809, at *5 (W.D. Tex. Aug. 6, 2020); *In re Genentech, Inc*., 566 F.3d at 1343. Here, where eBay's witnesses are in the NDCA along with relevant third-party witnesses (addressed further above), and no potentially relevant witnesses are in the WDTX, the convenience of the witnesses favors transfer. *VoIP-Pal.com v. Google LLC*, 2022 WL 4546553, at *3–5 (W.D. Tex. Sep. 21, 2022) (holding that the willing witness factor favors transfer when there are multiple witnesses in the NDCA and only one witness in the WDTX).

eBay's user interface for the View Item page, including the alleged "cursor modification technology" was, and still is, largely developed and maintained by employees based at eBay's headquarters in San Jose, California, as well as its office in San Francisco, California. (Bahety Decl. ¶¶ 2–8; Xu Decl. ¶¶ 2–8). In particular, the Product Management and Engineering teams responsible for eBay's View Items web pages, which includes the accused "cursor modification technology," ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Bahety Decl. ¶¶ 2–4; Xu Decl. ¶¶ 2–4). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ View Items teams are based in the Bay Area. (Bahety Decl. ¶¶ 3–4; Xu Decl. ¶¶ 3–4). Including himself, there are ▮▮▮▮ user interface engineers at eBay on Mr. Xu's team. (Xu Decl. ¶¶ 3–4). ▮▮ of these employees, including those most knowledgeable about the accused cursor technology, ▮▮▮▮ ▮▮ in the Bay Area. (*Id*.). No relevant employees from Mr. Xu's team work in WDTX. (*Id*. ¶ 5). Likewise, there are ▮▮▮▮ product managers on Mr. Bahety's team. (Bahety Decl. ¶¶ 3–4). ▮▮ ▮▮▮▮▮▮▮▮▮▮▮ in the Bay Area, and the remaining ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████ (*Id.*) The three most knowledgeable people from Mr. Bahety's product management team ████████████████████████████████████████████ (*Id.*) No relevant employees from Mr. Bahety's team work in WDTX. (*Id.* ¶ 5). Further, the NDCA courthouses are conveniently located close to eBay's headquarters; eBay's headquarters in San Jose is 4.6 miles away from the San Jose courthouse, about 50 miles away from the San Francisco courthouse, and about 40 miles away from the Oakland courthouse. (Raskin Decl. Exs. M, N, O).

On the other hand, there are no known relevant witnesses within 100 miles of Waco (or Texas generally). While Lexos is a patent assertion entity that purports to have a place of business in Plano, Texas, the only person publicly disclosed as having a financial interest in Lexos is Mr. Cote in New York. (Raskin Decl. Ex. C). In addition, neither the named inventors nor the prosecuting attorneys reside in the WDTX. (*See* Dkt. Nos. 1-1, 1-2; *see also* Raskin Decl. Exs. D–I). Thus, if the case is tried in Waco, it is likely that all witnesses, including Plaintiff's, will have to fly there. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204–05. "Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id.* at 205.

Because ██████ identified eBay witnesses (*i.e.*, willing party witnesses) are in the NDCA, and none are in the WDTX (Bahety Decl. ¶¶ 2–5; Xu Decl. ¶¶ 2–5), the NDCA is where this litigation should be conducted. *See In re Pandora Media, LLC*, 2021 WL 4772805, at *6 (Fed. Cir. Oct. 13, 2021) ("[T]he litigation should be conducted where more witnesses could testify without leaving their homes or their regular places of business."); *see also Lynk Labs, Inc. v. Home Depot*

*USA, Inc*., 2022 WL 1593366, at *12 (W.D. Tex. Dec. 8, 2021) (granting motion to transfer where convenience of willing witnesses favored transfer).

### 4. Other practical problems that make trial of a case easy, expeditious, and inexpensive

When considering the private interest factors, courts must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. Here, this factor is neutral. This case is in its early stages, and no other parallel cases are pending before the Court. While Lexos filed five cases in this District, all five cases quickly settled or were dismissed. Thus, this Court has not yet needed to gain substantive familiarity with the Asserted Patents. At the very least, the existence of prior cases that were quickly settled or dismissed do not weigh against transfer, especially where differences between the parties' independently developed products would "result in significantly different discovery, evidence, proceedings, and trial." *In re DISH Network*, 2021 WL 4911981, at *3 (citation omitted); *In re Samsung Elecs. Co*., 2 F.4th 1371, 1379–80 (Fed. Cir. 2021); *see also In re Google Inc*., 2017 WL 977038, at *1–2 (Fed. Cir. Feb. 23, 2017) (rejecting the district court's rationale that the co-pendency of related suits with co-pending transfer motions weighed against transfer).

### C. The Public Interest Factors Favor Transfer to the Northern District of California

### 1. The local interest in having localized interest decided at home favors transfer

The interest in having localized interests decided at home favors transferring this case to the NDCA. This factor evaluates "significant connections between a particular venue and the events that gave rise to a suit." *VoIP-Pal.com*, 2022 WL 4546553, at *8 (citation omitted); *Google-Jenam*, 2021 WL 4592280, at *5. Moreover, the "district where a party has its principal place of business typically has a stronger local interest in the adjudication of the case." *XY LLC v.*

*Trans Ova Genetics, LC*, 2017 WL 5505340, at *9 (W.D. Tex. Apr. 5, 2017). Here, not only is eBay headquartered in the NDCA, but the "events that form the basis for [Lexos'] infringement claims against [eBay] occurred in the Northern District of California where [eBay] developed the accused [product]." *Google-Jenam*, 2021 WL 4592280, at *5. eBay was founded in, and maintains its headquarters in, the NDCA, its potential witnesses reside in the NDCA, and the accused eBay "cursor modification technology" was designed, developed, and maintained in the NDCA. (Bahety Decl. ¶¶ 2–4; Xu Decl. ¶¶ 2–4). Moreover, potential prior art witnesses reside in the NDCA (*see* Section II.D). "The NDCA would certainly have an interest in this case because the cause of action 'calls into question the work and reputation of several individuals residing in or near that district.'" *Super Interconnect*, 2021 WL 6015465, at *10 (citing *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009)).

In contrast, the WDTX has no specific connection to the events giving rise to this suit. The only alleged connection between the venue and the dispute is eBay's general presence in Austin and that the accused instrumentalities might be used by individuals in this District. (SAC ¶¶ 6, 8, 10–12). First, eBay's general presence in Austin does not weigh against transfer. *Google-Jenam*, 2021 WL 4592280, at *5 ("The fact that a party may have a general presence in a particular district does not give that district a special interest in the case."); *see also In re Juniper Networks*, 14 F.4th at 1320–21. Second, "[t]he Fifth Circuit has unequivocally rejected the argument that citizens of the venue chosen by the plaintiff have a 'substantial interest' in adjudicating a case locally because some allegedly infringing products found their way into the Texas market." *In re Nintendo Co.*, 589 F.3d at 1198 (citing *Volkswagen II*, 545 F.3d at 317–18). Where accused products are distributed throughout the United States, "the citizens of the venue chosen by the plaintiff have no more or less of a meaningful connection to the case than any other venue." *Id.* (citations omitted);

*Google-Jenam*, 2021 WL 4592280, at *5 ("[Plaintiff's] reference to the sale in the Western District of Texas of Google products that used the accused protocol does not give that district a substantial interest in the dispute.").

While eBay has deep and broad connections to the NDCA that are directly relevant to this lawsuit, Lexos appears to exist in Texas "for no other purpose than to manipulate venue." *In re Microsoft Corp.*, 630 F.3d 1361, 1364–65 (Fed. Cir. 2011); *see also VoIP-Pal.com*, 2022 WL 4546553, at *8 ("[L]ittle or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum") (quoting *In re Juniper Networks*, 14 F.4th at 1320); *see also Google-Jenam*, 2021 WL 4592280, at *6 (concluding that "[Plaintiff's] status as a Texas entity is insufficient").

"In short, there is no relevant factual connection" between this case and the Western District of Texas. *Volkswagen II*, 545 F.3d at 318. Neither this District nor its potential jurors have any relevant local interest in a Delaware non-practicing entity's patent-infringement claims against a California company like eBay. This factor thus "weighs heavily in favor of" transferring this case to the NDCA. *Volkswagen I*, 371 F.3d at 206.

Because the events giving rise to this suit are concentrated in the NDCA, Lexos has no legally relevant connection to the WDTX, and eBay has, at most, a general presence in the WDTX, this factor favors transfer.

## 2. The administrative difficulties flowing from court congestion

The public interest factor weighing administrative difficulties flowing from court congestion is neutral. This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *ParkerVision, Inc. v. Intel Corp.*, 2021 WL 401989, at *6 (W.D. Tex. Jan. 26, 2021). Recently, the Federal Circuit noted that "the Western District of Texas and the Northern District of California show no significant differences in caseload or time-to-trial

statistics." *In re Apple Inc.*, 2021 WL 5291804, at *4 (Fed. Cir. Nov. 15, 2021). But even assuming this case will proceed to trial faster in the WDTX than in the NDCA, any such temporal advantage is too speculative to alter the transfer analysis meaningfully. The Court recently transferred a case from the WDTX to the NDCA—despite a presumed faster time to trial in the WDTX than the NDCA—after explaining that the time to trial factor "is speculative." *See Receivership Est. of AudienceScience Inc. v. Google LLC*, 2022 WL 3705022, at *6 (W.D. Tex. Aug. 18, 2022); *see* also *Super Interconnect*, 2021 WL 6015465, at *8–9 (citing *In re Genentech*, 566 F.3d at 1347); *Google-Sonos*, 2021 WL 4427899, at *7; *Google-Express*, 2021 WL 5292267, at *3. Additionally, the "prospective speed with which [a] case might be brought to trial" is not "of particular significance" where the plaintiff "does not practice the patent and therefore . . . is not in need of a quick resolution of [a] case because its position in the market is threatened." *In re WMS Gaming Inc.*, 564 F. App'x 579, 581 (Fed. Cir. 2014); *see also In re Juniper Networks*, 14 F.4th at 1322. Thus, at most, this factor should be given neutral weight.

### 3.     The two remaining public interest factors are neutral

The final two factors, familiarity with the law and avoidance of problems of conflicts of law or application of foreign law, are neutral. Both forums are familiar with patent law, and there is no prospect for any conflict of laws.

## V.     CONCLUSION

As summarized below, private interest factors 1–3 favor transfer; private interest factor 4 is neutral; public interest factor 1 favors transfer; and public interest factors 2–4 are, at worst, neutral. Thus, the Court should transfer this case to the NDCA—a more convenient forum—in the interest of justice under 28 U.S.C. § 1404(a).

| Factor | Finding |
|---|---|
| Relative ease of access to sources of proof | Favors transfer |
| Availability of compulsory process to secure the attendance of witnesses | Favors transfer |
| Cost of attendance for willing witnesses | Favors transfer |
| All other practical problems that make trial of a case easy, expeditious and inexpensive | Neutral |
| Administrative difficulties flowing from court congestion | Favors transfer |
| Local interest | Neutral |
| Familiarity of the forum with law that will govern case | Neutral |
| Problems associated with conflict of law | Neutral |

Dated: June 13, 2023                    Respectfully submitted,

By: */s/ Joshua L. Raskin*
    Joshua L. Raskin
    NY Bar No. 2816783
    Joshua.raskin@gtlaw.com
    **GREENBERG TRAURIG, LLP**
    One Vanderbilt Avenue
    New York, NY 10017
    Telephone: 212.801.9200
    Facsimile: 212.801.6400

    Janis E. Clements
    Texas Bar No. 04365500
    **GREENBERG TRAURIG, LLP**
    300 West 6th Street, Suite 2050
    Austin, TX 78701
    Telephone: (512) 320-7232
    Facsimile: (512) 320-7210

    ***Attorneys for Defendant eBay Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of June, a true and correct copy of the foregoing document was electronically filed with the Court and that counsel of record who are deemed to have consented to electronic service are being served via the Court's CM/ECF system and via electronic mail.

_/s/ Joshua L. Raskin_
Joshua L. Raskin

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), counsel for Defendant eBay, conferred with counsel for Plaintiff Lexos Media IP, LLC on June 12th, 2023, in a good faith effort to resolve the matter presented herein and counsel for Plaintiff stated that it opposed the motion.

/s/ Vimal Kapadia
Vimal Kapadia (*pro hac forthcoming*)