IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| LEXOS MEDIA IP, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>EBAY, INC.,<br><br>    *Defendant*. | Civil Action No. 6:22-cv-00648-ADA<br><br>████████████ |

**DEFENDANT EBAY, INC.'S REPLY IN SUPPORT OF ITS MOTION TO
<u>TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. THE PRIVATE AND PUBLIC INTEREST FACTORS FAVOR TRANSFER ........... 1

    A. The convenience of willing witnesses and availability of compulsory process to secure the attendance of third parties favors transfer. .......................................... 1

    B. Ease of Access to Sources of Proof Favors Transfer. ......................................... 4

    C. Other practical problems that make trial of a case easy, expeditious, and inexpensive. ......................................................................................................... 4

    D. The local interest factor strongly favors transfer to the NDCA. ......................... 5

    E. The Parties agree the three remaining public interest factors are neutral. .......... 5

III. CONCLUSION .............................................................................................................. 5

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                           **Page(s)**

*In re Apple, Inc.*,
   581 F. App'x 886 (Fed. Cir. 2014) ...........................................................................................3

*Diece-Lisa Indus. v. Disney Store USA, LLC*,
   No. 2:12-cv-400-RWS-RSP, 2020 WL 1332881 (E.D. Tex. Mar. 23, 2020)...........................5

*In re Google LLC*,
   No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sep. 27, 2021) ......................................................4

*In re Google LLC*,
   No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) ....................................................4

*In re HP Inc.*,
   826 F. App'x 899 (Fed. Cir. 2020) ...........................................................................................4

*LBT IP II LLC v. Uber Techs., Inc.*,
   No. 6:21-cv-1210-ADA, 2022 WL 2541355 (W.D. Tex. Jul. 6, 2022)......................................5

*Phoji, Inc. v. Atlassian, Inc.*,
   No. 6:21-cv-888-ADA, 2022 WL 2392876 (W.D. Tex. Jul. 1, 2022).......................................5

**Statutes**

28 U.S.C. § 1404(a) ........................................................................................................................5

I.      INTRODUCTION

Lexos's Opposition misstates the record, the testimony of eBay's declarants, and the relevant law. Lexos wrongly asserts that eBay's witnesses, whom Lexos does not dispute are in the Northern District of California ("NDCA"), are irrelevant. At the same time, Lexos does not identify *any* witnesses in this District. For these reasons, and the others discussed in eBay's opening brief and below, the Court should grant eBay's motion to transfer.

II.     THE PRIVATE AND PUBLIC INTEREST FACTORS FAVOR TRANSFER[1]

The parties agree that this case could have been brought in California. (Dkt. 64 at 6–7). Accordingly, the analysis turns to the public and private interest factors.

   A.   **The convenience of willing witnesses and availability of compulsory process to secure the attendance of third party witnesses favors transfer.**

Lexos does not dispute that ▮▮▮▮▮▮▮▮▮▮ identified by eBay are in NDCA, and none are in this District. Instead, Lexos incorrectly asserts that eBay's deponents "do not have any actual knowledge" of the accused functionality and that the eBay personnel identified in the declarations also do not possess such knowledge. (Dkt. 64 at 1, 7–10). In doing so, Lexos misstates the testimony of eBay's witnesses and makes unwarranted attacks on their credibility. (*Id.* at 7–10).

For venue discovery, eBay identified *every* engineer and product manager who works on the View Item page, which Lexos does not dispute is the web page on which the accused functionality operates. (Ex. P at 14:4–12; Ex. Q at 13:3–24).[2] eBay also identified the subset of those individuals who have knowledge concerning the front end of the View Item page, including the cursor functionality. (Dkt. 38-1, ¶¶3–4; Dkt. 38-2, ¶¶3–4; Ex. P at 14:4–16:25, 18:14–22, 74:3–8; Ex. Q at 23:10–25:16,

---

[1] Lexos states that eBay "applies the incorrect legal standard" to its analysis. (Dkt. 64 at 1). But Lexos fails to identify what it believes to be the "correct" standard, and applies the same *Volkswagen* factors as eBay. (*Id.* at 4, 7–15).
[2] All exhibits are attached to the Declaration of Joshua L. Raskin in Support of eBay's Reply in Support of Its Motion to Transfer, submitted at the same time.

1

50:1–4, 51:5–24).

Lexos asserts that eBay's declarants, Messrs. Xu and Bahety, do not have "knowledge of the design, development or implementation of the accused cursor modification…technology," but "merely work in the department that has responsibility for the operation of the current version of the accused technology." (Dkt. 64 at 1). But Messrs. Xu and Bahety *lead* their departments and were chosen as declarants for that reason—they know that their teams are responsible for the accused functionality (which Lexos does not dispute) and they know where those people are located. (Dkt. 38-1, ¶¶3–5; Dkt. 38-2, ¶¶3–5; *see also* Ex. P at 18:14–22, 29:7–49:1, 74:3–8; Ex. Q at 23:10–25:16, 51:5–57:8). And most relevant to this inquiry, *none* of the engineers or product managers who work on the View Item page work in Texas. (Dkt. 38-1, ¶5; Dkt. 38-2, ¶5).[3]

Rather than accept this reality, Lexos mischaracterizes the testimony of eBay's declarants to try to show that there is no individual in NDCA with knowledge of the accused functionality. (Dkt. 64 at 7–10). But what Messrs. Xu and Bahety said was that the individuals in their declarations are responsible for the part of the website that employs the accused functionality. (Ex. P at 18:14–22, 29:7–49:1, 74:3–8; Ex. Q at 23:10–25:16, 51:5–57:8). Messrs. Xu and Bahety never purported to know the exact lines of computer code on which each individual worked. (Dkt. 38-1, ¶¶3–4; Dkt. 38-2, ¶¶3–4). Nor did they have to. Instead, they explained that their teams are responsible for the View Item page, which contains the accused functionality, and further identified a subset of those employees as being knowledgeable as it relates to the accused functionality. (Dkt. 38-1, ¶¶3–4; Dkt. 38-2, ¶¶3–4; Ex. P at 31:20–23 ("[T]hese people are responsible for the [cursor] area. If there are issue[s], these [are] the people who ha[ve] the knowledge and will address the issue."), 32:20–33:20). That is quite different from Lexos's allegation

---

[3] Lexos also ignores the spreadsheets from eBay's Human Resources department, relied on in the declarations of Messrs. Xu and Bahety, which show that nobody on their teams works in Texas. (*See* Ex. Q at 22:5–14; Exs. R, S.)

that "neither of them, nor the eBay employees ▇▇▇▇▇▇ they identified in their declarations, have actual knowledge of facts regarding the design, development or implementation of the accused cursor modification technology at eBay." (Dkt. 64 at 7).[4]

Lexos also criticizes eBay's identification of Dr. Nielsen as a third-party witness and assumes that eBay "cherry-picked" him because he resides in NDCA. (Dkt. 64 at 1, 11). But Dr. Nielsen's work supports a substantial portion of eBay's invalidity case. (*See* Ex. T). That Dr. Nielsen lives in NDCA is another reason that litigation of this case is clearly more convenient in NDCA. *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014) ("This factor weigh[s] heavily in favor of transfer when," as here, "more third-party witnesses reside within the transferee venue than reside in the transferor venue.").

Lexos identified two employees/owners of Lexos, but they ▇▇▇▇▇▇▇▇▇▇; not this District. (Ex. U; *see also* Dkt. 39-3). It is also undisputed that the named inventors and the prosecuting attorneys for the Asserted Patents do not reside in this District. (Dkt. 43 at 2–3). The only purported connection to this District identified by Lexos are four "non-party witnesses," allegedly relevant to licensing, from ▇▇▇▇▇▇▇▇ (Dkt. 64 at 10). Yet they ▇▇ in the *Northern* District of Texas. (*Id.*). In addition, while they may be "non-party witnesses" in the technical sense, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. (Ex. V).

Lexos also fails to acknowledge its own ties to California. Its parent, Lexos Media Inc., contracted with a California company, OpenX, to develop a commercial product that would supposedly embody the claims of the Asserted Patents. *See Zynga Inc. v. Lexos Media, Inc.*, No. 5:12-cv-01952, Dkt. 35 at 2 (N.D. Cal. Oct. 3, 2012) (Ex. W). The contract between Lexos and OpenX contained a

---

[4] Indeed, at Mr. Xu's deposition, when discussing each person named in his declaration, counsel for Lexos stated that he was "not questioning" that the particular job functions related to the cursor functionality "f[ell] within the scope of the person's general responsibilities." (Ex. P at 35:1–36:4).

3

forum selection clause requiring any resulting lawsuits to be litigated in California. (*Id.*). Moreover, the development of the technology that was the subject of that agreement took place in California.[5] (*Id.*). Accordingly, because ▇ eBay employees ▇▇▇▇▇▇▇▇▇▇▇▇ and at least one third-party witness are in NDCA, three third-party witnesses are in the Central District of California (closer to NDCA than this District), and neither party has identified *any* witness in this District, NDCA is the clearly more convenient forum. *In re Google LLC*, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021).

    **B.**    **Ease of access to sources of proof favors transfer.**

Lexos stresses that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Dkt. 64 at 2, 12–13). eBay has never disputed this, but Lexos's argument ignores that eBay also ▇▇▇▇▇▇▇▇▇▇ (Dkt. 38-1, ¶7; Dkt. 38-2, ¶7), and that *none* ▇▇▇▇ is housed in Texas. (*Id.*). And "the critical inquiry is relative ease of access, not absolute ease of access," to sources of proof. *In re HP Inc.*, 826 F. App'x 899, 902 (Fed. Cir. 2020).

Lexos argues that "documents relating to the asserted patents and the enforcement and licensing activities relating to those patents are located in nearby Dallas." (Dkt. 64 at 2, 13). But Dallas is not in this District. Moreover, the documents Lexos identifies (*e.g.*, file histories, records of IPR proceedings, and copies of publicly available computer code) are *publicly available*. Accordingly, because eBay's documents are most easily accessed from NDCA, and Lexos identifies no documents in this District, this factor favors transfer. *In re Google LLC*, 2021 WL 4427899, at *6 (Fed. Cir. Sep. 27, 2021).

    **C.**    **Other practical problems that make trial of a case easy, expeditious, and inexpensive.**

Lexos argues that this factor weighs against transfer because eBay's Motion is untimely. (Dkt. 64 at 2, 4–6, 14). Lexos is wrong. On April 26, the Court issued an Order to show cause requiring Lexos

---

[5] The parties in *Zynga* identified four individuals involved in the contracting and development of such technology. Three of those individuals are still located in California, and one is in Washington—closer to NDCA than to this District. (Ex. X).

4

to explain why it should not dismiss the case because, despite filing the case ten months earlier, Lexos had not yet filed a Case Readiness Status Report. (Dkt. 22). The Scheduling Order, entered on May 30, gave eBay until June 13 to move to transfer the case. (Dkt. 33). eBay did so on that date. (Dkt. 38). Lexos's timeliness argument thus lacks merit, and this factor is neutral. *Diece-Lisa Indus. v. Disney Store USA, LLC*, 2020 WL 1332881, at *10 (E.D. Tex. Mar. 23, 2020) (transferring case when delay in motion was due to plaintiff's actions).

### D.     The local interest factor strongly favors transfer to the NDCA.

Lexos argues that the Court has a local interest in this case because Lexos is in the Northern District of Texas. (Dkt. 64 at 2, 15). But this Court has recognized that "a plaintiff's residence is owed zero weight if it lies beyond the transferor judicial district, even if just so." *Phoji, Inc. v. Atlassian, Inc.*, 2022 WL 2392876, at *11 (W.D. Tex. Jul. 1, 2022). In contrast, "the events forming the basis for infringement" occurred in NDCA where eBay's engineers and product managers are located. *LBT IP II LLC v. Uber Techs., Inc.*, 2022 WL 2541355, at *8 (W.D. Tex. Jul. 6, 2022); Ex. P at 46:19–49:1. The NDCA has a stronger local interest in deciding a case about an NDCA resident than this District has in deciding a case about a resident of NDTX.

### E.     The Parties agree the three remaining public interest factors are neutral.[6]

Lexos does not dispute that the remaining public interest factors are neutral. (Dkt. 64 at 14–15).

### III.   CONCLUSION

For these reasons, the Court should transfer this case to NDCA under 28 U.S.C. § 1404(a).

---

[6] Lexos half-heartedly argues that too many case deadlines have passed such that this case is no longer in its "early" stages. (Dkt. 64 at 14). Yet at the time eBay filed its Motion, *no* case deadlines had passed because the Scheduling Order issued only two weeks earlier. (Dkt. 33).

Dated: September 28, 2023                              By: */s/ Joshua L. Raskin*
                                                                Joshua L. Raskin
                                                                New York Bar No. 309973
                                                                Joshua.raskin@gtlaw.com
                                                                Brian Prew
                                                                Prewb@gtlaw.com
                                                                Vimal M. Kapadia
                                                                Vimal.kapadia@gtlaw.com
                                                                Kathryn E. Albanese
                                                                Katie.albanese@gtlaw.com
                                                                GREENBERG TRAURIG, LLP
                                                                One Vanderbilt Avenue
                                                                New York, NY 10017
                                                                Telephone: 212.801.9200
                                                                Facsimile: 212.801.6400

                                                                Janis E. Clements
                                                                Texas Bar No. 04365500
                                                                GREENBERG TRAURIG, LLP
                                                                300 West 6th Street, Suite 2050
                                                                Austin, TX 78701
                                                                Telephone: (512) 320-7232
                                                                Facsimile: (512) 320-7210

                                                                *Attorneys for Defendant eBay, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 28th day of September, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system and via electronic mail ███████████

███

                                                                    /s/ Joshua L. Raskin
                                                                     Joshua L. Raskin