UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **LEXOS MEDIA IP, LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. W-22-CV-00648-ADA** |
| | § | |
| **EBAY, INC.,** | § | **PUBLIC VERSION** |
| **Defendant.** | § | |

## ORDER GRANTING MOTION TO TRANSFER VENUE

### I.   INTRODUCTION

Before the Court is Defendant eBay, Inc.'s Motion to Transfer Venue to the Northern District of California, ECF No. 38. Plaintiff Lexos Media IP, LLC opposes, ECF Nos. 55, 64, and eBay replies, ECF No. 67. After a careful consideration of the parties' briefing, the relevant facts, and the applicable law, the Court **GRANTS** the motion and **TRANSFERS** the above-captioned case to the Northern District of California.

### II.   BACKGROUND

Plaintiff Lexos Media IP, LLC is a patent licensing entity. ECF No. 64 at 14. Lexos is a Delaware limited liability company with its principal place of business in Plano, Texas since 2015. ECF No. 39-1 ("Raskin Decl.") Ex. A; ECF No. 64 at 15. Defendant eBay, Inc. is headquartered in San Jose, California and appears to be a Delaware corporation. ECF No. 29 ¶ 3; ECF No. 38 at 6. eBay maintains a website accessible throughout the United States, including in this district. ECF No. 38 at 12.

On June 22, 2022, Lexos sued eBay for infringement of U.S. Patent Nos. 5,995,102 ("the '102 patent") and 6,118,449 ("the '449 patent"). Lexos later added allegations of infringement of

U.S. Patent No. 7,975,241 ("the '241 patent") (collectively, "the Asserted Patents"). The Asserted Patents arise from the field of online advertising and are directed to "a server system for modifying a cursor image to a specific image displayed on a video monitor of a remote user's terminal for the purposes of providing on-screen advertising." ECF No. 29 ¶ 25. Lexos appears to allege that when a user puts their mouse cursor over a picture on the View Items page of eBay's website, the Asserted Patents are infringed. *See* ECF No. 38 at 2.

While Lexos has asserted the same patents against other defendants in other venues, *see* ECF Nos. 23, 57, 78; ECF No. 64 at 15, as of the filing of this motion, there were no parallel cases pending before this Court. ECF No. 38 at 11. Lexos has asserted its patents in this and other Texas districts and has counsel, whose office maintains relevant paper and electronic documents, in Dallas, Texas. *See* ECF No. 64 at 13, 15.

Because the procedural history of this case is relevant to certain arguments the parties make, a brief overview is in order. After Lexos filed its original and first amended complaints, eBay made its first substantive filing, a Rule 12(b)(6) motion to dismiss. ECF No. 15. Briefing was completed on September 29, 2022, roughly three months after this case began. Nothing of note happened until April 26, 2023 (roughly seven months later), when this Court *sua sponte* ordered Lexos to explain why no Case Readiness Status Report had been filed yet and show cause why the case should not be dismissed for want of prosecution. ECF No. 22. The CRSR was filed on May 1, 2023, the operative second amended complaint was filed with leave of court on May 16, 2023, and a scheduling order was entered on May 29, 2023. ECF Nos. 24, 29, 33. The scheduling order set a deadline of June 13, 2023, for any motions for inter-district transfer, after which leave of court and good cause would be required for filing. ECF No. 33 at 1.

On the deadline date of June 13, 2023, eBay filed this motion to transfer. ECF No. 38. eBay's motion argues not that venue is improper in this district, but that this case should be transferred to the Northern District of California ("NDCA") for convenience under 28 U.S.C. § 1404(a). *See id.* For factual support, eBay relies on declarations by its employees David Xu (an engineer) and Vipul Bahety (a product manager). ECF No. 38-1 ("Bahety Decl."), 38-2 ("Xu Decl."). Lexos opposes transfer, pointing to its Texas ties and arguing that Messrs. Xu and Bahety are not credible. *See* ECF No. 64 at 7–10. Thus, in Lexos's view, eBay has failed to establish relevant witnesses, physical evidence, or design, development, or implementation of the accused technology in the NDCA. *See id.* at 1–2. Lexos also argues that this motion is untimely. *Id.* at 2.

## III.    LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought . . . " *Id.* "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under § 1404(a) is whether a civil action "'might have been brought' in the destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) [hereinafter *Volkswagen II*]. If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358

F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*] (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen II*, 545 F.3d at 314. The burden is not simply that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 314–15. While "clearly more convenient" is not the same as the "clear and convincing" standard, the moving party must still show more than a mere preponderance. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). Yet, the Federal Circuit has clarified that, for a court to hold that a factor favors transfer, the movant need not show an individual factor clearly favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

## IV.   ANALYSIS

### A.  Threshold Matters

At the threshold, movant eBay must show that venue and jurisdiction would have been proper in the proposed transferee forum, here the NDCA. The Court and the parties agree that the threshold is met because eBay is headquartered in the NDCA. *See* Raskin Decl. ¶ 14.

Lexos also opposes the motion to transfer venue as untimely. Lexos notes the almost year-long gap between the filing of the complaint on June 22, 2022, and the filing of the transfer motion on June 13, 2023. In the meantime, eBay has made several filings without ever mentioning its intent to move for transfer. eBay counters that it filed its motion in compliance with the deadline set out in the scheduling order. eBay further notes that the Case Readiness Status Report in this action was not filed until May 1, 2023—roughly ten months after the complaint—and only in response to a *sua sponte* Order to Show Cause. *See* ECF Nos. 22, 24.

The Court rejects Lexos's argument. While Lexos correctly calculates that almost a year passed between the original complaint and the motion to transfer, it ignores that more than half this time was the gap between the motion to dismiss and the show cause order. Indeed, in its show cause response, Lexos states its mistaken belief that all proceedings in the case were stayed until after the Markman hearing, and even notes "[a]pparently, counsel for Defendant was operating under the same misunderstanding." ECF No. 25 ¶ 3. It is hard to see why eBay should be faulted for not filing a motion to transfer during this period. Counting from the CRSR's filing date of May 1, 2023, there was only a month and a half delay in filing. And that gap ignores that the scheduling order was delayed due to Lexos filing a second amended complaint. eBay filed its transfer motion only two and a half weeks after jointly moving for entry of a scheduling order *and did so on the deadline that order set*. *See* ECF No. 32, 33. eBay therefore met the deadline set by the Court. eBay's transfer motion was timely.

### B.  The Private Interest Factors

### a.   *The Cost of Attendance and Convenience for Willing Witnesses*

The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). According to Fifth Circuit law, if the distance between a current venue and a proposed venue is more than 100 miles, the inconvenience to witnesses increases in direct relationship to the additional distance they must travel if the matter is transferred. *Volkswagen II*, 545 F.3d at 317. But it is unclear when the 100-mile rule applies, as the Federal Circuit has stated that courts should not apply the rule "rigidly" in cases where witnesses would be required to travel a significant distance no matter what venue they testify in. *In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (citing *Volkswagen II*, 545 F.3d at 317). "[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021). According to the Federal Circuit, time is a more important metric than distance. *Id.* However, the Federal Circuit has also held that when willing witnesses will have to travel a significant distance to either forum, the slight inconvenience of one forum in comparison to the other should not weigh heavily on the outcome of this factor. *In re Apple*, 979 F.3d at 1342.

eBay contends that this factor heavily favors transfer. Of its own employees, eBay points to ▮▮▮ engineers on Xu's team and ▮▮▮ product managers on Bahety's team. More specifically, Bahety identifies ▮▮▮ employees, including himself, as employees most knowledgeable, none of which are in this district. Bahety Decl. ¶ 4. Xu identifies ▮▮▮ employees, including himself, as employees most knowledgeable, none of which are in this district. Xu Decl. ¶ 4. eBay further argues that no relevant witnesses, Lexos or eBay, are located within 100 miles of Waco. Lexos identifies four non-party witnesses, employees of Lexos's licensing agent Dominion Harbor

Group. All four employees are located in Dallas, Texas, and Lexos expects them to testify about damages issues. However, Lexos "currently does not know whether some or all of these DHG witnesses are unwilling or not." ECF No. 64 at 12.

The Court holds that this factor weighs in favor of transfer. Lexos waffles as to whether the DHG witnesses are willing or unwilling. But since DHG is a third party, the Court presumes that they are unwilling. Lexos therefore has no willing witnesses, while eBay has shown willing witnesses in the NDCA. This factor favors transfer.

### b. *The Relative Ease of Access to Sources of Proof*

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d at 1340 (citing *In re Genentech*, 566 F.3d at 1345).

eBay argues that this factor favors transfer because its documents and physical evidence are primarily located in or close to the San Francisco Bay Area. eBay's [REDACTED] [REDACTED] but eBay admits that [REDACTED] can be accessed from anywhere. Xu Decl. ¶ 7; ECF No. 67 at 4. eBay also points to physical evidence in the form of [REDACTED], supporting the accused functionality. In contract, eBay states that its Austin office contains no employees or documentation related to the accused functionalities.

Lexos responds that according to Xu and Bahety's depositions, the ████████████ ██████████████████████████████████████████████████████ In addition, custodians of the ██████████████████. Thus, Lexos argues, eBay has identified no physical evidence in the NDCA. In contrast, Lexos points to "a large volume of paper and electronic copies of documents relevant to this litigation that are located in Dallas, Texas." ECF No. 64 at 13. These documents are maintained either by DHG or Lexos's law firm in this matter, Buether Joe and Counselors, and relate to the prosecution and litigation history of the asserted patents. eBay counters that Lexos's Dallas records are publicly available and not in this district.

The Court holds that this factor favors transfer. Lexos's evidence, both physical and electronic, is not in this district. Neither Lexos nor eBay identify any eBay evidence currently in this district. Thus, it appears that this district currently lacks any evidence relating to this case. This factor thus favors transfer.

### c. *The Availability of Compulsory Process to Secure the Attendance of Witnesses*

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii). Under this factor, the Court focuses on "non-party witnesses whose attendance may need to be secured by a court order." *Fintiv Inc.*, 2019 WL 4743678, at *5 (citing *Volkswagen II*, 545 F.3d at 316). This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (citing *In re Genentech*, 566 F.3d at 1345). The Federal Circuit has held that "when there is no indication that a non-party witness is willing, the

witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018). However, the Fifth Circuit has clarified that "the availability of compulsory process 'receives less weight when it has not been alleged or shown that any witness would be unwilling to testify.'" *In re Planned Parenthood Fed'n of Am. Inc.*, 52 F.4th 625, 630–31 (5th Cir. 2022) (quoting *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 499 (6th Cir. 2016)).

eBay's position is that this factor strongly favors transfer. eBay argues that "at least one third-party witness relevant to eBay's invalidity defenses," prior artisan Jakob Nielsen, is within the NDCA's subpoena power. ECF No. 38 at 8. Lexos counters that Mr. Nielsen has been cherry-picked for residence and that he should not be given much weight, as prior artists rarely appear at trial. Lexos again noncommittally identifies the four DHG employees as potentially unwilling and states that regardless of whether these employees are unwilling, the factor does not favor transfer.

This factor weighs against transfer, although with less weight in accordance with the Fifth Circuit's instructions. As discussed *supra*, the Court treats the four DHG witnesses under this factor. On the other scale, eBay alludes to the possibility of other third-party invalidity witnesses but ultimately only identifies Mr. Nielsen. To address this imbalance, eBay notes that the DHG employees are in the NDTX, not this district, and attacks DHG as an interested party favoring Lexos. Neither point persuades. The DHG employees can be subpoenaed by this Court but not the NDCA, *see* ECF No. 55-1 ("Buether Decl.") Ex. F., just as Mr. Nielsen can be subpoenaed by the NDCA but not this Court. And eBay cites no authority showing that a witness's bias or partiality impacts the analysis under this factor. Thus, comparing Mr. Nielsen with the DHG employees, the Court holds that this factor weighs against transfer.

> **d.   *All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive***

When considering the private interest factors, courts must also consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). "[W]here there is a co-pending litigation before the trial court involving the same patent-in-suit, and pertaining to the same underlying technology and accusing similar services, [the Federal Circuit] cannot say the trial court clearly [abuses] its discretion in denying transfer." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 n.3 (Fed. Cir. 2010).

eBay argues that this factor is neutral because there are no parallel pending cases and this case is in its early stages, such that this Court "has not yet needed to gain substantive familiarity with the Asserted Patents." ECF No. 38 at 11. Lexos's view is that this factor strongly weighs against transfer because of eBay's "inexcusable delay in bringing its motion and the substantial progress that has been made in this case during that inexcusable delay." ECF No. 64 at 14. As discussed *supra*, the Court does not believe that eBay delayed inexcusably in filing its transfer motion. And the "substantial progress" Lexos points to does not include anything that would give the Court substantive familiarity with the Asserted Patents. Thus, this factor is neutral.

## C.  The Public Interest Factors

### a.  *Administrative Difficulties Flowing from Court Congestion*

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 F. App'x 929, 932 (Fed. Cir. 2020). It considers "[t]he speed with which a case can come to trial and be resolved." *In re Genentech*, 566 F.3d at 1347; *see Smart Mobile Techs. LLC v. Apple Inc.*, 2023 WL 5540152, at *9 (W.D. Tex. Aug. 28,

2023). "[T]his factor should not weigh against transfer when the patentee 'is not engaged in prod-uct competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution.'" *In re Meta Platforms, Inc.*, No. 2023-143, 2023 WL 7118786, at *2 (Fed. Cir. Oct. 30, 2023) (quoting *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023)).

The Court finds that this factor is neutral. The Federal Circuit has instructed that this factor cannot weigh against transfer where Lexos "is not engaged in product competition in the market-place." *See In re Meta*, 2023 WL 7118786, at *2. From the record, it does not appear that Lexos currently engages in product competition with eBay. Thus, this factor is neutral.

### b. *Local Interest in Having Localized Interests Decided at Home*

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent cases "are not a fiction." *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021). "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-CV-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and the events that gave rise to a suit.'" *In re Apple*, 979 F.3d at 1344 (emphasis in original) (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence. *Id.* Moreover, "little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as

by establishing an office in order to claim a presence in the district for purposes of litigation." *In re Juniper Networks, Inc.*, 14 F.4th at 1320 (quoting *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011) (per curiam)). To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *Id.* at 1319.

eBay argues that this factor favors transfer. eBay notes that its principal place of business, where the accused product was designed, developed, and maintained, is in the NDCA. eBay further points to the potential eBay and prior art witnesses that reside in the NDCA. eBay finally accuses Lexos of existing in Texas solely for venue manipulation purposes.

Lexos argues that this factor is neutral. Lexos takes umbrage with eBay's accusation of venue manipulation and points to its Texas roots. Lexos relies on its Plano, Texas principal place of business—consistent since 2015—and its litigation history involving dozens of lawsuits across this district, the EDTX, and the NDTX. Lexos further claims that eBay lacks evidence to show that the accused technology was designed, developed, or implemented from the NDCA. Thus, Lexos argues, its Texas presence is not "recent and ephemeral," and "this District and its citizens have a legitimate local interest in ensuring that a corporate citizen of the state can obtain timely and effective protection and enforcement of its patent rights and compensation for violation of those rights." ECF No. 64 at 15.

The Court finds that this factor favors transfer. Looking across both sides' briefing, the potential connections between this district and this case are: 1) eBay's Austin office, 2) Lexos's principal place of business in Plano, and 3) Lexos's litigation history in this and other Texas districts. Working backwards, the latter two connections are not between this district and the events giving rise to this suit. The Court credits the part of Xu and Bahety's declarations that say nobody on their teams works out of eBay's Austin office. Thus, any connection between eBay's Austin

office and the events of this suit are not heavy and concrete enough to outweigh eBay's headquarters and work in the NDCA. Thus, this factor favors transfer.

> ### c. *Familiarity of the Forum with the Law That Will Govern the Case; Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law*
>
> The Court agrees with the parties that these two factors are neutral. *See* ECF No. 38 at 14;

ECF No. 64 at 14–15 (failing to discuss these two factors).

## V.  CONCLUSION

The Court's conclusions for each transfer factor are summarized in the following table:

| FACTOR | THE COURT'S FINDING |
|---|---|
| Relative ease of access to sources of proof | Favors Transfer |
| Cost of attendance for willing witnesses | Favors Transfer |
| Availability of compulsory process to secure the attendance of witnesses | Against Transfer |
| All other practical problems that make trial of a case easy, expeditious, and inexpensive | Neutral |
| Administrative difficulties flowing from court congestion | Neutral |
| Local interest | Favors Transfer |
| Familiarity of the forum with law that will govern case | Neutral |
| Problems associated with conflict of law | Neutral |

Three factors favor transfer, one weighs against transfer, and the remainder are neutral. Weighing these factors, the Court holds that eBay has met its burden to justify transfer of this action. Thus, for the foregoing reasons, eBay's Motion to Transfer Venue to the Northern District of California, ECF No. 38, is **GRANTED.**

**SIGNED** this 6th day of December, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE